# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| BLUE ROCK INVESTMENTS, LLC, et al., | : : : : : : : : : : | Case No. 3:17-cv-00409 |
| Plaintiffs, | | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| vs. | | |
| CITY OF XENIA, et al., | | |
| Defendants. | | |

# REPORT AND RECOMMENDATIONS[1]

## I.  Introduction

In years gone by, residents of Xenia, Ohio had the benefit of a K-Mart store in a downtown shopping center. When the store shuttered its operation, K-Mart vacated the building. By 2016, the tenantless K-Mart building impeded the City of Xenia's plan to redevelop the shopping center. The City consequently decided to have the K-Mart building demolished and contracted with Badger Construction Co., Inc. to do it. Badger Construction completed the demolition project, and the K-Mart building is now gone.

Plaintiffs Blue Rock Investments, LLC and Boymel Family Trust hold ownership interests in the building next to the vanished K-Mart building. Plaintiffs allege that the demolition of the K-Mart building damaged their building. They assert various constitutional claims and a negligence claim against the City. Plaintiffs' Complaint does

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

not raise any claim against Badger Construction or name Badger Construction as a Defendant.

Finding itself the sole Defendant in this case, the City filed a Third-Party Complaint, raising a single claim of indemnification against Badger Construction. (Doc. #11). More recently, the City filed an Amended Third-Party Complaint advancing seven Counts against Badger Construction, including (in part) Counts for Express and Implied Indemnification, and Contribution.

The case is presently pending upon Badger Construction's Rule 12(b) Motion To Dismiss The City's Amended Third-Party Complaint (Doc. #42), the City's Memorandum in Opposition (Doc. #43), Badger Construction's Reply (Doc. #44), and the record as a whole.

**II.    Background**

Counts I through IV of the City's Amended Third-Party Complaint claim that Badger Construction breached the demolition contract, breached express and implied warranties, and failed to perform the demolition in a workmanlike manner. Each of these Counts refers to the possibility that Plaintiffs might someday recover against the City on their (Plaintiffs') constitutional or negligence claims. For example, the City asserts, "If plaintiffs recover against Xenia (which recovery is denied), then Badger breached its contractual obligations with Xenia and caused damage to the City." (Doc. #26, ¶28).

The City's claim in Count V for express indemnification rests on the following language in its demolition contract with Badger Construction:

16.  LIABILITY FOR INJURIES OR DAMAGES …

2

> a. The contactor [Badger Construction] shall be solely responsible…, for damages to any property of any persons resulting from or claimed to result from, relating to or arising out of the work and services or any neglect, fault, omission, commission, or default of contractor, his agents, or employees.
>
> b. The contractor shall fully protect, defend, indemnify, and save harmless the City of Xenia, Ohio, against any liability, judgments, damages, costs, and expenses, including attorney's fees and costs, arising from any and all such claims relating to the work and services performed hereunder. The provisions of this paragraph shall not insure to the benefit of anyone not a party to this contract….

(Doc. #26, *PageID* #486). Based on this section of the demolition contract, the City asserts that Badger Construction is obligated to both defend and indemnify the City against Plaintiffs' claims in this case. *Id.* at 428, ¶s 41-42.

The City's claim for implied indemnification (Count VI) maintains that if the City is found to have been negligent, "its negligence was secondary to that of Badger whose negligence was primary, and thus, it [the City] is entitled to implied indemnity by Badger for any loss which it may incur." *Id.* at ¶44.

Lastly, the City's last claim against Badger Construction (Count VIII[2]) pursues "contribution from Badger for any amount which the City may be required to pay in excess of its proportionate share of any common liability which it may have with Badger." *Id.*, *PageID* #429, ¶51.

Badger Construction seeks dismissal of the City's claims under Fed. R. Civ. P. 12(b)(1) because the claims are not yet ripe. Badger Construction also seeks dismissal of

---

[2] In Count VII, the City asserts a claim of express indemnification against Ohio Casualty Insurance Company. Count VII is not presently at issue.

3

the City's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**III.   Discusssion**

   **A.   <u>Are The City's Third-Party Claims Ripe</u>?**

A claim or case that is not ripe for federal judicial review is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction.  *Wayside Church v. Van Buren County*, 847 F.3d 812, 816 (6th Cir. 2017).

A claim is not ripe for federal judicial review when it is filed too early.  *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (en banc).  The ripeness requirement "'cluster[s] about Article III'…" of the Constitution, *National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (citation omitted), arising from Article III's limitation on federal judicial power to "actual 'cases' and 'controversies.'"  *Id.* at 279-80; *see Warshak*, 532 F.3d at 525.  The ripeness requirement's goals are practical and preventative:  It "serves to 'avoid[ ] ... premature adjudication' of legal questions and to prevent courts from 'entangling themselves in abstract' debates that may turn out differently in different settings."  *Warshak*, 532 F.3d at 525 (quoting, in part, *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808, 123 S.Ct. 2026 (2003)).

"The ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances…."  *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985).  Two questions determine whether a claim is ripe for judicial action:

(1) is the claim "fit[ ] ... for judicial decision" in the sense that it arises in a concrete factual context and concerns a dispute that is likely to come to pass? and

(2) what is "the hardship to the parties of withholding court consideration"?

*Warshak*, 532 F.3d at 525-26 (quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507 (1967); citing *Ammex, Inc. v. Cox,* 351 F.3d 697, 706 (6th Cir. 2003); *Adult Video Ass'n v. U.S. Dep't of Justice,* 71 F.3d 563, 568 (6th Cir. 1995).

Badger Construction contends that the City's seven claims are not ripe because each is prospective in nature and each requires as a condition precedent that the City be found liable to Plaintiffs in this case.

The City argues that even if its claims against Badger Construction are viewed as prospective, its indemnification and contribution claims against Badger Construction are ripe. The City's reasoning is threefold: (1) Plaintiffs' claims against the City arise from Badger Construction's work and services, or negligence, in demolishing the K-Mart building; (2) paragraph 16 of the demolition contract places the duty on Badger Construction to defend the City from Plaintiffs' claims; and, (3) Badger Construction's duty to defend requires it to pay the costs and expenses, including attorney fees, the City is incurring in response to Plaintiffs' claims.

The City's Counts I through IV depend upon the occurrence of a future event— namely, Plaintiffs' future success in proving any of its claims against the City. Counts I through IV therefore lie dormant and will remain so unless and until—on some future day—"plaintiffs recover against Xenia…." (Doc. #26, ¶s 28, 33, 36, 38). Only then will Counts I through IV spring to life in a concrete factual context. Is this "likely to come to

pass?" *Warshak*, 532 F.3d at 525-26. No one can reasonably say "yes" due to the present unknowns and future challenges Plaintiffs will face in surviving dispositive motions or proving their claims to a jury. For these reasons, Counts I through IV do not arise in a concrete factual context, and only time will hint at whether it is likely Plaintiffs will recover against the City. As a result, Counts I through IV are not ripe.

What about the prudential concern of the ripeness requirement—hardship to the parties? *Warshak*, 532 F.3d at 525-26. If the City's Counts I-IV against Badger Construction proceed, both parties will incur ever-mounting attorney fees and costs. Yet if, down the road, Plaintiffs' claims against the City fail, the money the parties spent would be for naught. This financial hardship is nullified if the ripeness requirement is presently enforced as to Counts I-IV.

The City asserts in Count V—express indemnification—that under paragraph 16 of the demolition contract, Badger Construction must indemnify the City for "any and all amounts that the City is ordered to pay Plaintiffs, if anything….' (Doc. #26, ¶42). The City maintains in Count VI—implied indemnification—that if Plaintiffs prove their negligence claims, "the City is entitled to implied indemnity by Badger for any loss which it may incur…." *Id*. at ¶44. The City's remaining claim against Badger Construction, Count VIII, asks for contribution "for any amount which the City may be required to pay in excess of its proportionate share of any common liability it may have with Badger." *Id*. at ¶51. Like Counts I through IV, these claims lie dormant unless and until the City incurs liability to Plaintiffs. Only then will Counts V through VI and VIII spring to life in a concrete factual context. And, like Counts I through IV, the likelihood

6

of this happening is too speculative to hazard a reasonable guess. Only time will hint at whether it is likely Plaintiffs will recover against the City. Consequently, Counts V's indemnification claim, and Counts VI and VIII are not ripe.

Turning to hardship, if the City is presently allowed to pursue indemnification in Counts V and VI, and contribution in Count VIII, the parties will suffer financial hardship—ever-mounting attorney fees and costs—in the event Plaintiffs fail to prove their claims against the City. This financial hardship is nullified if the ripeness requirement is presently enforced as to Count V's indemnification claim, and Counts VI and VIII.

Despite the above problems, the City raises a ripe claim in Count V against Badger Construction based on the duty-to-defend language in paragraph 16 of the demolition contract. Paragraph 16 states, in part, "The contractor [Badger Construction] shall fully protect, *defend*, indemnify, and save harmless the City of Xenia, Ohio, against any liability, judgments, damages, costs, and expenses, including attorney's fees and costs…." (Doc. #26, *PageID* #486) (emphasis added). This reference to a duty to defend has present vitality because, as the City points out, it is incurring costs, including attorney fees, in responding to Plaintiffs' claims in the present case. The City's duty-to-defend claim therefore arises in a concrete factual context that is current and ongoing. Additionally, in Ohio, "The duty to defend is separate and distinct from the duty to indemnify." *W. Lyman Case & Co. v. Nat'l City Corp.*, 76 Ohio St.3d 345, 347, 667 N.E.2d 978, 979 (1996). Applying this to the present situation, the City's Count V duty-to-defend claim is ripe and may proceed even though Count V's indemnification claim is

7

not yet ripe.

Accordingly, the City's Counts I through IV, VI, and VIII are not ripe. The City's Count V is ripe as to the City's duty-to-defend claim but not ripe as to the City's indemnification claim.

**B. Is A Rule 12(b)(6) Dismissal Warranted?**

Badger Construction contends that dismissal of the City's Amended Complaint is warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**1.**

To survive a Rule 12(b)(6) Motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citations omitted); *see also Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) ("a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.' ") (quoting, in part, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)); *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015) ("when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must 'construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as

true.'") (quoting *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014)).

**2.**

Badger Construction contends that Ohio Rev. Code § 2305.31 explicitly limits the scope of indemnification provisions in construction contracts. It applies, Badger Construction argues, to paragraph 16 of the City's demolition contract with Badger Construction, rendering the contract void as a matter of law.

Section 2305.31 sets forth Ohio public policy regarding indemnification agreements in construction contracts. It states:

> A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the…, construction, alteration, repair, or maintenance of a building…, including…, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee [here, the City], has hired the promisor [Badger Construction] to perform work, purporting to indemnify the promisee…, against liability for damages arising out … damage to property initiated or proximately caused by or resulting from the negligence of the promisee…, is against public policy and is void….

As explained above, the indemnification provision in paragraph 16 of the demolition contact provides that Badger Construction "shall fully protect, defend, indemnify, and save harmless the City of Xenia, Ohio, against any liability…, arising from any and all such claims relating to the work and services performed hereunder…." *Supra*, § II. This broad language encompasses Plaintiffs' negligence claim against the City. (Doc. #26, ¶123) (alleging that the City "failed to exercise reasonable care in contracting, managing, and performing the demolition of the K-Mart building."). Consequently, if paragraph 16 operates as it is unambiguously written, Badger

9

construction would be required to indemnify the City for the City's own negligence liability (if any) to Plaintiffs. Section 2305.31 forbids such indemnification agreements in construction contracts. Consequently, to the extent that paragraph 16 requires Badger Construction to indemnify the City for the City's own negligence, it is void as a matter of law under § 2305.31.

One last attribute of § 2305.31: It deals only with negligence indemnification in construction contracts; it does not address indemnification in other contexts and does not bar the City from seeking indemnification from Badger Construction under paragraph 16 for liability the City might incur on Plaintiffs' federal constitutional claims. Assuming, in contrast to the above, *supra*, §III(A), that the City's express indemnification claim is ripe, Badger Construction faces—for the moment—potential liability on the constitutional claims the City brings under 42 U.S.C. § 1983.

**3.**

Badger Construction argues that indemnification is not permitted for § 1983 claims. The City does not directly address this contention. Instead, the City reframes it as posing a ripeness question. *See* Doc. #43, *PageID* #696-99 (agreeing that the Sixth Circuit has not yet addressed "whether, in defense of a Section 1983 claim, a defendant may assert indemnification against a third-part defendant…," yet arguing, "But this Court has addressed the issue and held the claim is ripe."). This incorrectly sidesteps Badger Construction's assertion that indemnification is unavailable under § 1983.

When faced head-on, Badger Construction's argument is well taken. Although the broad language in paragraph 16 provides the City with a contractual right to

10

indemnification and contribution from Badger Construction, such language has no operative effect on the City's potential liability to Plaintiff's under § 1983. Based on the caselaw and reasoning discussed in *Guglielmo v. Montgomery County, Ohio*, 3:17cv006, 2017 WL 5991849, at *5 (S. D. Ohio 2017), Report & Recommendation adopted, 2017 WL 6508590 (Dec. 20, 2017) (Rose, D.J.), " 'there is no statutory right or common law right to contribution and/or indemnity under 42 U.S.C. § 1983.' " *Id.* (quoting *Hart v. City of Williamsburg, Ky.*, No. Civ.A 6:04-321 2005 WL 1676894, at *3 (E.D. Ky. 2005)); *see Laurent v. Diltz*, 3:17cv343, 2018 WL 5722715, at *3 (S.D. Ohio 2018), Report & Recommendations adopted, 2018 WL 6046859 (S.D. Ohio 2018) (Rice, D.J.).

Accordingly, to the extent the City seeks indemnification or contribution from Badger Construction on Plaintiffs' § 1983 claims, these claims (Counts V, IV, VIII) fail as a matter of law.

### C. Final Note

On February 8, 2019, Plaintiffs filed a Motion For Leave To File A First Amended Complaint (Doc. #58). Final briefing on this Motion is due on March 1, 2019. Plaintiffs seek to add a negligence claim against Badger Construction based, in part, on the assertion that Badger Construction failed to exercise reasonable care when demolishing the K-Mart building. This Report and Recommendations does not consider or address Plaintiffs' Motion For Leave To Amend Complaint.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Badger Construction's Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #42) be GRANTED, in part, and the

City's Counts I through IV, VI, and VIII be DISMISSED without prejudice;

2. Badger Construction's Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #42) be GRANTED, in part, and the City's Count V be DISMISSED without prejudice to the extent the City advances a duty-to-indemnify claim;

3. Badger Construction's Rule 12(b)(1) Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Doc. #42) be DENIED, in part, as to Count V to the extent the City advances a duty-to-defend claim;

4. Badger Construction's Rule 12(b)(6) Motion to Dismiss (Doc. #42) be GRANTED, in part, and the City's Counts V and VIII be DISMISSED with prejudice to the extent the City seeks indemnification and contribution for liability it may incur on Plaintiffs' § 1983 claims; and

5. Badger Construction's Rule 12(b) Motion (Doc. #18) be DENIED as moot.

February 25, 2019                         *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).