IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLUE ROCK INVESTMENTS,
LLC, *et al.*,

    Plaintiffs,

v.

CITY OF XENIA, OHIO, *et al.*,

    Defendants

Case No. 3:17-cv-409

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS BLUE ROCK
INVESTMENTS, LLC'S AND BOYMEL FAMILY, LLC'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT (DOC. #58); AMENDED
COMPLAINT TO BE FILED WITHIN SEVEN CALENDAR DAYS;
SUSTAINING JOINT MOTION TO EXTEND ALL DEADLINES AND
VACATE JULY 8, 2019, TRIAL DATE (DOC. #62); OVERRULING AS
MOOT JOINT MOTION TO EXTEND THE EXPERT WITNESS
DISCLOSURE, DISCOVERY AND DISPOSITIVE MOTION DEADLINES
(DOC. #54); PARTIES TO SUBMIT REVISED RULE 26(f) REPORT NO
LATER THAN MAY 10, 2019; SCHEDULING CONFERENCE SET

---

This matter is currently before the Court on Plaintiffs Blue Rock Investments, LLC's and Boymel Family, LLC's Motion for Leave to File Amended Complaint, Doc. #58. Plaintiffs seek leave to add a negligence claim against Third-Party Defendant, Badger Construction Company, Inc. For the reasons set forth below, the Court sustains Plaintiffs' motion. The Court also sustains the parties' Joint Motion to Extend All Deadlines, Doc. #62, and vacates the July 8, 2019, trial date. The

parties' Joint Motion to Extend the Expert Witness Disclosure, Discovery and Dispositive Motion Deadlines, Doc. #54, is overruled as moot.

I. Background and Procedural History

Defendant, City of Xenia, hired Third-Party Defendant, Badger Construction Company, Inc. ("Badger"), to demolish a commercial building that abutted another building that is owned by Plaintiff, Blue Rock Investments, LLC. Blue Rock's building was damaged during the demolition process. The City refused to repair it and instead offered to buy it from Blue Rock at an allegedly distressed price. When Blue Rock refused the offer, the City allegedly retaliated by citing Blue Rock for code violations stemming from the damage caused by the demolition.

Plaintiffs sued the City alleging violations of their constitutional rights, breach of contract—quiet enjoyment, and negligence. Doc. #1. On January 24, 2018, the City filed a Third-Party Complaint against Badger and Ohio Casualty Insurance Co. ("Ohio Casualty"), seeking indemnification. Doc. #11. Badger filed a motion to dismiss. Doc. #18. On May 18, 2018, the City filed an Amended Third-Party Complaint against Badger and Ohio Casualty, asserting claims of breach of contract, breach of express and implied warranties, failure to perform in a workmanlike manner, express and implied indemnification, and contribution. Doc. #26. On July 31, 2018, Badger moved to dismiss the Amended Third-Party Complaint. Doc. #42. On February 25, 2019, Magistrate Judge Ovington issued a

Report and Recommendations, Doc. #64, recommending that the Court overrule in part and sustain in part Badger's motion.

On June 20, 2018, the City filed a Motion for Partial Judgment on the Pleadings, arguing in part that it was statutorily immune from liability on the negligence claim. Doc. #31. On December 10, 2018, Magistrate Judge Ovington issued a Report and Recommendations, Doc. #49, recommending that the Court overrule in part and sustain in part the City's motion. She agreed that the City was statutorily immune from liability on the negligence claim.

Approximately two months later, on February 8, 2019, Plaintiffs filed a Motion for Leave to File Amended Complaint, Doc. #58, seeking to add a negligence claim against Badger. Xenia, Badger and Ohio Casualty have each filed a memorandum in opposition to Plaintiffs' motion, Docs. ##65-67, and Plaintiffs have filed a reply, Doc. #71.

## II.     Motion for Leave to File an Amended Complaint (Doc. #58)

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." The court, however, may deny leave to amend if there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.*" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3

In their motion, Plaintiffs argue that there has been no undue delay, bad faith or a dilatory motive. They maintain that the basis for their negligence claim against Badger was produced during the course of discovery and was not available when they filed the Complaint. Plaintiffs also argue that there is no prejudice, given that Badger is already a party to this lawsuit and their new negligence claim against Badger stems from the same facts already being litigated. They note that discovery is ongoing. Finally, they argue that the amendment would not be futile because ample evidence supports all required elements of a negligence claim.

The City of Xenia, Badger and Ohio Casualty all oppose Plaintiffs' motion as untimely. They note that the Court's Preliminary Pretrial Order, Doc. #22, established a May 15, 2018, deadline for amendments to the pleadings. Plaintiffs' motion was not filed until February 8, 2019. Given that the deadline has expired, under Fed. R. Civ. P. 16(b)(4), Plaintiffs must show "good cause" to modify the scheduling order before the Court can consider whether to grant leave to amend under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 908-09 (6th Cir. 2003). Xenia, Badger and Ohio Casualty argue that Plaintiffs have not even attempted to establish "good cause." They further argue that Plaintiffs should not be permitted to do so for the first time in a reply brief.

The opposing parties argue that, although Plaintiffs may not have known of Badger's involvement in the demolition at the time the Complaint was filed, Plaintiffs certainly learned of it no later than January 24, 2018, when the City filed its Third-Party Complaint against Badger. Moreover, Plaintiffs have not identified

4

what specific evidence was obtained during the course of discovery that led them to seek leave to assert this new claim. The opposing parties suggest that, given the suspicious timing, it seems more likely that Plaintiffs decided to sue Badger for negligence only after Magistrate Judge Ovington recommended that the Court dismiss Plaintiffs' negligence claim against the City based on statutory immunity.

The opposing parties also argue that, even if Plaintiffs could establish "good cause" to modify the scheduling order, there are other reasons why they should not be granted leave to amend their Complaint, mainly the significant prejudice that would result to Badger. Badger was named a third-party defendant based solely on an indemnification provision in its demolition contract with the City. As such, up to this point in the litigation, Badger's interests were aligned with those of the City. Had Plaintiffs also sued Badger for negligence, Badger and the City would have opposing interests. Badger maintains that it took legal positions in support of the City that may work against Badger if Plaintiffs are now permitted to amend their Complaint to assert a negligence claim against Badger.

Badger also argues that, because it was not sued directly, it did not file any third-party complaints by the established deadline. Likewise, Ohio Casualty notes that, if Plaintiffs are permitted to amend their Complaint, additional discovery will be needed, and Badger may need to file third-party complaints against architects and engineers and assert new affirmative defenses, adding to the already-significant litigation costs. Finally, Badger argues that the proposed amendment

would be futile because any negligence claim would be barred by the doctrine of laches.

As previously noted, before the Court can consider whether amendment is proper under Rule 15(a), if must first consider whether Plaintiffs have established good cause under Rule 16(b) for modifying the Preliminary Pretrial Order. *Leary*, 349 F.3d at 909. The fact that Plaintiffs did not address this issue until their reply brief is problematic, but not necessarily fatal. *See Dingess v. Infiniti of Columbus, LLC*, 2:13-cv-1090, 2014 U.S. Dist. LEXIS 114355, at **3-4 (S.D. Ohio Aug. 18, 2014) (granting leave to amend even though plaintiff first attempted to establish good cause to modify the scheduling order in her reply brief).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Plaintiffs acknowledge that the deadline for amending pleadings was May 15, 2018, but argue that, despite due diligence, they could not have met this deadline. They had only 60 days to serve discovery requests, obtain responses, review the information and decide whether any additional claims or parties needed to be added. Plaintiffs explain that they did not learn of Badger's alleged negligence until expert reports and rebuttal expert reports were exchanged late in 2018. They moved for leave to amend their Complaint shortly thereafter.

In determining whether Plaintiffs have established "good cause," the Court must also consider prejudice to the opposing parties. *Leary*, 349 F.3d at 909. The

6

Court finds that neither the City nor Ohio Casualty would suffer any significant prejudice should the Court permit Plaintiffs to assert a negligence claim against Badger.

In its capacity as a third-party defendant, Badger has been already been an active party to this litigation for well over a year. The negligence claim that Plaintiffs want to add stems from the same facts that gave rise to Plaintiffs' claims against the City. Although Badger speculates that, in its capacity as a third-party defendant, it may have taken certain legal positions that may work to its disadvantage if Plaintiffs are permitted to amend their Complaint, Badger has not specifically identified any of those potential conflicts. Moreover, Plaintiffs note that, if the Court overrules their Motion for Leave to Amend, they can simply file a separate negligence action against Badger. Accordingly, it is inevitable that Badger will have to file an Answer and may need to file third-party complaints and assert new affirmative defenses.

Allowing Plaintiffs to assert a negligence claim against Badger may well require the parties to conduct some additional discovery. Nevertheless, as Plaintiffs note, discovery is ongoing and the parties have already jointly requested an extension of the discovery deadline, as well as the trial date. Doc. #62. Moreover, given that the parties have agreed to delay the taking of depositions until the Court rules on pending motions, no depositions will need to be retaken. The Court also notes that, according to Plaintiffs, Badger has already retained an expert who has produced a rebuttal report regarding Badger's demolition activities.

The Court finds that Plaintiffs have established good cause for modifying the scheduling order to allow them to assert a negligence claim against Badger. Moreover, given that Badger has been an active participant in this litigation for well over a year, and that the negligence claim stems from the same facts giving rise to this lawsuit, the Court finds that prejudice to the opposing parties is minimal.

Having determined that the "good cause" requirement of Rule 16(b) is met, the Court turns to the question of whether Plaintiffs' proposed amendment is proper under Rule 15(a). For the reasons stated above, the Court finds no undue delay on the part of the Plaintiffs and no undue prejudice to the opposing parties, provided that the scheduling order is modified. In terms of judicial economy, it makes sense to allow Plaintiffs to amend their Complaint to assert a negligence claim against Badger so that this dispute is not litigated in a piecemeal fashion.

The Court rejects Badger's argument that, because the negligence claim would be barred by the doctrine of laches, amendment would be futile. The negligence claim will be filed well within the four-year statute of limitations. *See* Ohio Revised Code § 2305.09(D). Although this does not necessarily bar the laches defense, Badger would have to show that it has been materially prejudiced by the delay in asserting the new claim. *Connin v. Bailey*, 15 Ohio St. 3d 34, 35-36 (1984). As previously noted, Badger, at this point in the litigation, has not identified any particular action that it either did or did not take based on its alleged belief that Plaintiffs had abandoned any negligence claim against it. Nor has

Badger shown how it suffered any material prejudice from the delay. Accordingly, the Court does not find that the proposed amendment would necessarily be futile.

Under the liberal standard set forth in Rule 15(a), the Court SUSTAINS Plaintiffs' Motion for Leave to File Amended Complaint, Doc. #58. Plaintiffs shall file the Amended Complaint within seven calendar days of the date of this Decision and Entry.

### III. Joint Motion to Extend All Deadlines (Doc. #62)

All parties have filed a Joint Motion to Extend All Deadlines, Doc. #62, for at least 90 days, to commence when the Court disposes of Plaintiffs' Motion for Leave to File Amended Complaint. They further note that this will likely require a continuance of the July 8, 2019, trial date.

In light of the foregoing, and for good cause shown, the Court SUSTAINS the Joint Motion, Doc. #62, and VACATES the Preliminary Pretrial Conference Order, Doc. #22, including the July 8, 2019, trial date. The earlier-filed Joint Motion to Extend the Expert Witness Disclosure, Discovery and Dispositive Motion Deadlines, Doc. #54, is OVERRULED AS MOOT.

The parties are DIRECTED to confer and SUBMIT a Revised Rule 26(f) Report no later than May 10, 2019. The Court will convene a telephone conference call to establish a new scheduling order and set a new trial date, at 5:00 p.m., on Monday, May 20, 2019.

## IV. Conclusion

Having fully considered the arguments of the parties, the Court SUSTAINS Plaintiffs' Motion for Leave to File Amended Complaint, Doc. #58. Plaintiffs shall file the Amended Complaint within seven calendar days of the date of this Decision and Entry.

The Court also SUSTAINS the Joint Motion to Extend all Deadlines, Doc. #62. The Court VACATES the deadlines set in the Preliminary Pretrial Conference Order, Doc. #22, including the July 8, 2019, trial date. The earlier-filed Joint Motion to Extend the Expert Witness Disclosure, Discovery and Dispositive Motion Deadlines, Doc. #54, is OVERRULED AS MOOT.

The parties are DIRECTED to confer and SUBMIT a Revised Rule 26(f) Report no later than May 10, 2019. The Court will convene a telephone conference call to establish a new scheduling order and set a new trial date, at 5:00 p.m., on Monday, May 20, 2019.

Date: March 20, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

10