IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLUE ROCK INVESTMENTS,
LLC, et al.,

    Plaintiffs,

v.

CITY OF XENIA, et al,

    Defendants.

Case No. 3:17-cv-409

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #64); SUSTAINING IN PART AND
OVERRULING IN PART BADGER CONSTRUCTION'S OBJECTIONS
THERETO (DOC. #69); SUSTAINING IN PART AND OVERRULING IN
PART CITY OF XENIA'S OBJECTIONS THERETO (DOC. #70);
SUSTAINING THIRD-PARTY DEFENDANT BADGER
CONSTRUCTION'S RULE 12(b) MOTION TO DISMISS XENIA'S
AMENDED THIRD-PARTY COMPLAINT (DOC. #42); OVERRULING
AS MOOT BADGER CONSTRUCTION'S RULE 12(b) MOTION TO
DISMISS XENIA'S THIRD-PARTY COMPLAINT (DOC. #18)

---

On February 25, 2019, United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #64, recommending that the Court sustain in part and overrule in part Badger Construction's Rule 12(b) Motion to Dismiss Xenia's Amended Third-Party Complaint, Doc. #42, and overrule as moot Badger Construction's Rule 12(b) Motion to Dismiss Xenia's Third-Party Complaint, Doc. #18. This matter is currently before the Court on Objections to that Report and Recommendations filed by Badger Construction, Doc. #69, and by the City of

Xenia, Doc. #70. The City filed a Response to Badger's Objections, Doc. #74, and Badger filed a Response to the City's Objections, Doc. #75.

I.    **Background and Procedural History**

As part of its plan to redevelop the Xenia Towne Square Shopping Center, the City of Xenia hired Badger Construction Co., Inc., to demolish a vacant K-Mart building. The K-Mart building directly abutted the Fulmer's grocery store building owned by Plaintiff Blue Rock Investments, LLC. During the demolition of the K-Mart building, the Fulmer's building suffered physical damage. After Blue Rock complained and refused an allegedly lowball offer from the City to purchase the building, the City allegedly retaliated by citing Blue Rock for code violations stemming from the physical damage to the Fulmer's building.

Plaintiffs Blue Rock and the Boymel Family Trust filed suit against the City, seeking relief under 42 U.S.C. § 1983 for violations of their constitutional rights. They also asserted claims of breach of contract/quiet enjoyment, and negligence. Doc. #1. The City then filed a Third-Party Complaint seeking indemnification from Badger Construction and Ohio Casualty Insurance Company, which had issued a performance and payment bond. Doc. #11. Badger filed a Motion to Dismiss Xenia's Third-Party Complaint, arguing that the contractual indemnity claim was not yet ripe and was not permitted under Ohio law. Doc. #18.

The City subsequently filed an Amended Third-Party Complaint against Badger, asserting claims of breach of contract (Count I), breach of express

warranties (Count II), breach of implied warranties (Count III), failure to perform in a workmanlike manner (Count IV), express indemnification (Count V), implied indemnification (Count VI) and contribution (Count VIII). The City also asserted a claim of express indemnification against Ohio Casualty Insurance (Count VII). Doc. #26.

Badger has filed a Motion to Dismiss Xenia's Amended Third-Party Complaint, Doc. #42, seeking dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Badger argues that the Court lacks subject matter jurisdiction because the third-party claims are not yet ripe. It also argues that Ohio Revised Code § 2305.31 explicitly limits the scope of indemnification provisions in construction contracts, rendering the indemnification provision in the Xenia-Badger demolition contract void both as a matter of law and as applied. After Badger's motion was fully briefed, Plaintiffs filed a Motion for Leave to File Amended Complaint, seeking to add a negligence claim against Badger. Doc. #58.

On February 25, 2019, United States Magistrate Judge Sharon L. Ovington issued a Report and Recommendations, Doc. #64, recommending that Badger's Motion to Dismiss Xenia's Amended Third Party Complaint, Doc. #42, be granted in part and denied in part, and that Badger's Motion to Dismiss the original Third-Party Complaint, Doc. #18, be denied as moot. Because Plaintiffs' Motion for Leave to File Amended Complaint was not yet fully briefed, the Report and Recommendations does not take it into consideration. Both Badger and the City

3

filed timely Objections to the Report and Recommendations, Docs. ##69, 70. They also filed Responses to the Objections, Docs. ##74, 75.

On March 20, 2019, the Court sustained Plaintiffs' Motion for Leave to File Amended Complaint, allowing Plaintiffs to add a negligence claim against Badger. Doc. #72. In the Court's view, this ruling has no effect on Badger's pending Motion to Dismiss the Amended Third-Party Complaint.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been made.

## III. Discussion

### A. Report and Recommendations (Doc. #64)

In her Report and Recommendations, Doc. #64, Magistrate Judge Ovington found that the City's third-party claims against Badger, as asserted in Counts I through IV, VI and VIII were not yet ripe. Each is prospective in nature, dependent on Plaintiffs' future success in proving its claims against the City. She found that a portion of Count V, the express indemnification claim, was partially ripe.

Magistrate Judge Ovington noted that the express indemnification claim asserted in Count V is based on paragraph 16 of the demolition contract. It provides that Badger will be solely responsible for property damage resulting from

4

the negligence of its employees. It further provides that "The contractor shall fully protect, defend, indemnify, and save harmless the City of Xenia, Ohio, against any liability, judgments, damages, costs, and expenses, including attorney's fees and costs, arising from any and all such claims relating to the work and services performed hereunder." Doc. #26, PageID#486.

To the extent that Count V asserts a claim of express indemnification, Magistrate Judge Ovington found that it is prospective in nature and not yet ripe. However, to the extent that Count V also alleges that "Badger is obligated to defend Xenia at Badger's own expense against Plaintiffs' claims and to pay all attorneys' fees, court costs and other expenses arising therefrom," Doc. #26, PageID#428, she found that this portion of Count V is ripe because the City has *already* incurred costs, including attorney's fees, in defending itself against Plaintiffs' claims. Based on the foregoing, she recommended that, pursuant to Fed. R. Civ. P. 12(b)(1), the Court dismiss without prejudice, for lack of subject matter jurisdiction, all of the City's claims against Badger except for the duty-to-defend portion of Count V.

Turning to the Rule 12(b)(6) portion of Badger's motion, Magistrate Judge Ovington then considered whether Ohio Revised Code § 2305.31 bars the City's third-party claims against Badger. That statute, which limits indemnification in construction contracts, provides, in relevant part, as follows:

> A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building,

5

structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnitees against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnitees is against public policy and is void.

Ohio Rev. Code § 2305.31. In short, by statute, Badger cannot agree to indemnify the City for the City's own negligence.

Magistrate Judge Ovington found that the indemnification provision in the demolition contract, which requires Badger to indemnify the City against "any liability . . . , arising from any and all such claims relating to the work and services performed," was broad enough to encompass claims involving the *City's own* negligence. Accordingly, to the extent that the City relies on this contractual provision to seek indemnification from Badger for the City's *own* negligence, the indemnification provision runs afoul of § 2305.31 and is void as a matter of law.

Magistrate Judge Ovington further found that, although § 2305.31 does not expressly prohibit indemnification for liability that the City might incur on the *constitutional* claims asserted by Plaintiffs, courts have held that "there is no statutory right or common law right to contribution and/or indemnity under 42 U.S.C. § 1983." *Guglielmo v. Montgomery Cty.*, 3:17cv006, 2017 WL 5991849, at *5 (S.D. Ohio Dec. 4, 2017). Accordingly, she concluded that, to the extent that the City seeks express or implied indemnification (Counts V and VI) or

6

contribution (Count VIII) from Badger on the § 1983 claims, these claims fail as a matter of law and should be dismissed under Fed. R. Civ. P. 12(b)(6).

**B.    Objections (Docs. ##69, 70)**

The City of Xenia and Badger Construction have each filed Objections to the Report and Recommendations. The Court turns first to the question of whether the Amended Third-Party Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1) on ripeness grounds, and then to the question of whether any of the claims that are ripe for adjudication should be dismissed under Fed. R. Civ. P. (12)(b)(6) for failure to state a claim upon which relief may be granted.

**1.    Ripeness**

As Magistrate Judge Ovington noted, the ripeness doctrine serves to avoid premature adjudication of legal questions. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). The court considers both "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Id.* (citation omitted).

**a.    City of Xenia's Objections (Doc. #70)**

The City objects to Magistrate Judge Ovington's failure to consider *Right-Now Recycling, Inc. v. Ford Motor Credit Co.*, No. 1:11-cv-364, 2015 WL 1197671 (S.D. Ohio Mar. 16, 2015), in determining that Counts I, II, III, IV, VI, VIII and a portion of Count V are not ripe. The Court overrules this Objection. As an unpublished case by another district court judge, *Right-Now Recycling* does not constitute binding precedent. Moreover, as Badger notes, the only discussion of

7

ripeness in *Right-Now Recycling* was in a portion of Magistrate Judge Litkovitz's Report and Recommendations to which no objections were filed. With all due respect, this Court disagrees with her ruling on the ripeness issue.

In *Right-Now Recycling*, the City of Blue Ash filed cross-claims against its co-defendant Ford Motor Credit Co., seeking indemnification pursuant to a "hold harmless" agreement. The City alleged that Ford had breached this agreement by refusing to indemnify and defend the City against Right-Now's § 1983 due process claim. Ford argued that the indemnification claim was not ripe because there had not yet been a finding of liability on the due process claim. Magistrate Judge Litkovitz disagreed, noting that the City had alleged that Ford not only had a duty to indemnify, but also a duty to defend. *Id.* at *33. She then held:

> "Where a duty to defend is at issue ... the entire declaratory action, including the indemnity action, is ripe." *Bil-Jax, Inc. v. SEV Group, Ltd.*, No. 3:05-cv-7107, 2005 WL 2044851, at *2 (N.D. Ohio Aug. 24, 2005) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 271, 274 (1941)). Therefore, the City's cross-claims are ripe for adjudication.

*Id.*

The cases on which she relied are both declaratory judgment actions. In *Maryland Casualty Company*, plaintiff sought a declaratory judgment that it was not bound to either defend or indemnify its insured. The Supreme Court held that there existed an "'actual controversy' within the meaning of the Declaratory Judgment Act" because there was a "substantial controversy, between parties

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co.*, 312 U.S. at 272-73.

In *Bil-Jax*, the plaintiff sought a declaratory judgment that the defendant manufacturer had a duty to defend and indemnify it from losses in a suit that had been brought against the plaintiff in a personal injury case filed in state court. Defendant filed a motion to dismiss, arguing that the indemnification claim was not ripe and that the contract did not impose a duty to defend. Citing *Maryland Casualty*, the court held that "[w]here a duty to defend is at issue, . . . the entire declaratory action, including the indemnity action, is ripe." *Bil-Jax*, 2005 WL 2044851, at *2. The court then reasoned that, because Bil-Jax had stated a plausible claim that the contract imposed a duty to defend, the claim for indemnification was also ripe. *Id.* at *3.[1]

In contrast to *Maryland Casualty* and *Bil-Jax*, *Right-Now Recycling* was not a declaratory judgment action. Instead, the question was whether the City's cross-claims for breach of contract, promissory estoppel, indemnification and contribution were ripe given that there had been no finding of liability on Right-Now's § 1983 due process claim against the City. This Court respectfully disagrees with Magistrate Judge Litkovitz's decision to extend *Maryland Casualty* and *Bil-Jax* outside the context of a declaratory judgment action. Outside of that

---

[1] The two other cases relied upon by the City of Xenia were also declaratory judgment actions. *See In re Aramark Sports & Entm't Servs., LLC*, 2:09-cv-637, 2012 WL 3776859 (D. Utah Aug. 29, 2012) and *Perma-Fix NW Richland v. Philotechnics, Ltd.*, 3:09-cv-472, 2012 WL 12969554 (E.D. Tenn. May 25, 2012).

9

context, claims for indemnification are not rendered ripe ripe simply because the contract obligates a party to both indemnify and defend.

As Magistrate Judge Ovington noted, "[t]he duty to defend is separate and distinct from the duty to indemnify." *W. Lyman Case & Co. v. Nat'l City Corp.*, 76 Ohio St. 3d 345, 347 (1996). The claim for indemnification does not ripen unless and until Plaintiffs obtain a judgment against the City. Therefore, the Court finds that Magistrate Judge Ovington did not err in failing to address the *Right-Now Recycling* case. The Court overrules the City's objection on this matter.

The City of Xenia also objects to Magistrate Judge Ovington's finding that Count I, the breach of contract claim, is not ripe. The City argues that this is inconsistent with her finding that the duty-to-defend portion of Count V, the express indemnification claim, *is* ripe. The City notes that she fails to explain "how the duty-to-defend claim [Count V], which arises from contract, is ripe but Xenia's claim that Badger breached its contract by not, *inter alia*, defending Xenia [Count I], is premature." Doc. #70, PageID#1003.

The Court overrules this Objection. Count V specifically alleges that the indemnification provision in the demolition contract includes a duty to defend and that Badger is obligated to pay all attorneys' fees and court costs. Magistrate Judge Ovington found that the duty-to-defend portion of Count V is ripe because the City is already incurring attorney fees defending against Plaintiffs' claims in this litigation.

In contrast, Count I simply alleges that "*[i]f* plaintiffs recover against Xenia (which recovery is denied), *then* Badger breached its contractual obligations with Xenia and caused damage to the City." Doc. #26, PageID#427 (emphasis added). This is clearly prospective in nature— Badger is not liable for breach of contract unless and until Plaintiffs recover against Xenia. The City does not allege that Badger has already breached its contract by not defending the City against Plaintiffs' claims. Although Badger may ultimately be found to have breached the contract by not defending the City, this claim is not currently ripe.

        **b.**        **Badger's Objections (Doc. #69)**

Badger objects to the Report and Recommendations to the extent it finds that the duty-to-defend portion of Count V is ripe for adjudication. Badger notes that the City has not sought a declaratory judgment concerning whether Badger has a duty to defend the City against Plaintiffs' claims. Rather, the City appears to merely seek *reimbursement* from Badger for any amounts that the City must pay to Plaintiffs, and for the City's costs of defending this lawsuit.[2] In that respect, according to Badger, the duty-to-defend portion of Count V is simply part of the claim for indemnification. Badger maintains that, because the City's defense costs

---

[2] In its Prayer for Relief, Xenia demands only that it "recover" from Badger "any and all amounts that the City is ordered to pay Plaintiffs, if anything, as well as any and all of the City's attorneys' fees, court costs, and other expenses arising out of the defense of Plaintiffs' claims." Doc. #26, PageID#429.

11

cannot be ascertained until the conclusion of the underlying suit, the City's claim for reimbursement of those costs is not currently ripe.

The Court overrules this Objection. Magistrate Judge Ovington properly found that, because the duty-to-defend portion of the claim is not speculative or dependent on some future occurrence, it is ripe for adjudication. Although the total amount of attorneys' fees and costs will not be known until the underlying litigation has been concluded, there is no question that the City is currently incurring the costs of responding to Plaintiffs' claims, thereby presently implicating the duty-to-defend portion of Count V.

To summarize, the Court finds that Magistrate Judge Ovington properly concluded that only the duty-to-defend portion of Count V of the Amended Third-Party Complaint is ripe for adjudication. Counts I through IV, VI, VIII and the remainder of Count V are not yet ripe. They therefore will be dismissed without prejudice under Fed. R. Civ. P. 12(b)(1).

### 2. 12(b)(6)

The Court turns next to the parties' Objections on the 12(b)(6) portion of the Report and Recommendations. Having determined that the duty-to-defend portion of Count V is ripe for adjudication, the question becomes whether that portion of Count V is nevertheless subject to dismissal for failure to state a claim upon which relief can be granted.

The scope of this inquiry has narrowed somewhat in that the Court has recently dismissed two of the five claims that Plaintiffs asserted against the City of

Xenia. It dismissed Plaintiffs' claim seeking relief under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment. It also dismissed Plaintiffs' negligence claim against the City on statutory immunity grounds. Doc. #73. Accordingly, the relevant question is whether the City has stated a facially-plausible claim that the demolition contract imposes on Badger a duty to defend the City on Plaintiffs' three remaining claims: (1) the § 1983 First Amendment retaliation claim; (2) the § 1983 substantive due process claim; and (3) the breach of contract/quiet enjoyment claim.

To recap, Magistrate Judge Ovington found that, even though Ohio Revised Code § 2305.31 does not bar indemnification for the § 1983 claims asserted against the City, courts have held that "there is no statutory right or common law right to contribution and/or indemnity under 42 U.S.C. § 1983." *Guglielmo v. Montgomery Cty.*, 3:17cv006, 2017 WL 5991849, at *5 (S.D. Ohio Dec. 4, 2017). She therefore concluded that, to the extent the City seeks indemnification or contribution on the § 1983 *claims*, Counts V, VI and VIII should be dismissed with prejudice because they fail to state a claim upon which relief may be granted. Doc. #64, PageID##945-46.

Having concluded that the duty-to-indemnify portion of Count V, and Counts VI and VIII are not yet ripe for adjudication and that the Court lacks subject matter jurisdiction over them, the Court will not consider, at this juncture, whether those claims are also subject to dismissal under Rule 12(b)(6). The Court will limit its

discussion to the question of whether the ripe duty-to-defend portion of Count V states a claim upon which relief may be granted.

### a. City of Xenia's Objections (Doc. #70)

The City objects to Magistrate Judge Ovington's reliance on *Guglielmo*, noting that Count V, the City's express indemnification claim, is not based on any statute or on the common law, but rather on an express contractual provision in the demolition contract. Accordingly, the City argues that *Guglielmo* does not bar its claims for express indemnification on the § 1983 claims. To the extent that Magistrate Judge Ovington failed to make this distinction, the Court sustains the City's Objection.

Nevertheless, there are other reasons why Badger has no duty to defend the City on the § 1983 claims asserted by Plaintiffs. Most importantly, the § 1983 claims fall outside scope of the indemnification provision. Paragraph 16 of the demolition contract provides, in relevant part:

   a. The contractor shall be solely responsible for . . . damages to any property of any persons resulting from or claimed to result from, relating to or arising out of the work and services or any neglect, fault, omission, commission, or default of contractor, his agents, or employees.

   b. The contractor shall fully protect, defend, indemnify, and save harmless the City of Xenia, Ohio, against any liability, judgments, damages, costs, and expenses, including attorney's fees and costs, arising from any and all such claims relating to the work and services performed hereunder.

Doc. #26-2, PageID#487.

As the Court reads subsection (a) of paragraph 16, Badger is solely responsible for property damage caused by its agents or employees. In subsection (b), Badger agrees to "protect, defend, indemnify, and save harmless" the City for any liability, judgments, damages, costs and expenses arising from "such claims." In order to give effect to the word "such," "[s]uch claims" must be read to refer only to the claims identified in subsection (a). The duty to defend therefore applies only to claims for property damage caused by Badger's agents or employees.[3]

In their two remaining § 1983 claims, Plaintiffs do not seek recovery for any property damage caused by Badger. Rather, Plaintiffs seek recovery for constitutional violations, *i.e.*, First Amendment retaliation and substantive due process violations, arising from the *City's post-demolition* conduct. The Court therefore finds that the § 1983 claims fall outside the scope of the indemnification provision. As such, Badger has no duty to defend against the § 1983 claims. *Preferred Risk Ins. Co. v. Gill*, 30 Ohio St. 3d 108, 114-15 (1987) ("the insurer's duty to defend depends solely on the allegations of the underlying complaint.").[4]

---

[3] The original Complaint alleges absolutely no wrongdoing by Badger. Although Plaintiffs alleged that the City was negligent in its failure to notify Blue Rock of the demolition and in planning, contracting and managing the demolition, thereby causing property damage, that claim has been dismissed on statutory immunity grounds.

[4] Badger also notes that it would contravene public policy to permit contractual indemnification on § 1983 claims. Not only would it frustrate the deterrent effect of § 1983, but liability under § 1983 requires more than negligent conduct, *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987), and Ohio law prohibits indemnification for intentional or reckless conduct, *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 2002-Ohio-3932, ¶24, 148 Ohio App. 3d 596,

Accordingly, to the extent that the City seeks to impose on Badger a duty to defend the City against the § 1983 claims asserted by Plaintiffs, the Court agrees with Magistrate Judge Ovington that the duty-to-defend portion of Count V fails to state a claim upon which relief may be granted. It is therefore dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

### b. Badger's Objections (Doc. #69)

The only remaining question is whether Badger has a duty to defend the City against Plaintiffs' claim for breach of contract/quiet enjoyment.[5] Badger argues that, even if this portion of Count V is ripe, the City still fails to state a claim upon which relief can be granted. The Court agrees.

Again, the scope of Badger's duty to defend is defined by paragraph 16 of the demolition contract. That duty exists only for claims arising out of property damage caused by Badger. Plaintiffs' breach of contract/quiet enjoyment claim against the City, as alleged in Count IV of the Complaint, alleges no wrongdoing by Badger. Rather, this claim arises solely from the City's obligations as the Lessor under its lease agreement with Blue Rock.

---

604. *See also Laurent v. Diltz*, 3:17-cv-343, 2018 WL 5722715, at *3 (S.D. Ohio Nov. 1, 2018) ("[C]laims for contribution and indemnification are not permitted under § 1983.") (collecting cases).

[5] Magistrate Judge Ovington did not specifically address this claim in her Report and Recommendations.

The lease provides, in relevant part, that "[l]essee, its successors and assigns, shall have the peaceful and quiet enjoyment of the Property and the Improvements throughout the Term." Doc. #26-1, PageID#473. Plaintiffs allege that, because the City failed to act to weatherproof the newly-exposed wall of the Fulmer's building, or to mitigate damages, Blue Rock has been unable to use or lease the property, thereby breaching the contract. Because these factual allegations fall outside the scope of the indemnification provision in the demolition contract, Badger has no duty to defend against the breach of contract/quiet enjoyment claim. *Preferred Risk Ins. Co.*, 30 Ohio St. 3d at 114-15.

In summary, although the duty-to-defend portion of Count V of the Amended Third-Party Complaint is ripe, the City has nevertheless failed to state a claim upon which relief may be granted. Even viewing the allegations in the Amended Third-Party Complaint in the light most favorable to the City, Badger has no duty to defend against the two remaining §1983 claims or the breach of contract/quiet enjoyment claim brought against the City. The duty-to-defend portion of Count V is therefore subject to dismissal with prejudice under Fed. R. Civ. P. 12(b)(6).

## IV. Conclusion

For the reasons set forth above, the Court:

- ADOPTS IN PART and REJECTS IN PART United States Magistrate Judge Ovington's Report and Recommendations (Doc. #64);

17

- SUSTAINS IN PART and OVERRULES IN PART Badger Construction's Objections Thereto (Doc. #69);

- SUSTAINS IN PART and OVERRULES IN PART City of Xenia's Objections Thereto (Doc. #70);

- SUSTAINS Third-Party Defendant Badger Construction's Rule 12(b) Motion to Dismiss Xenia's Amended Third-Party Complaint (Doc. #42); and

- OVERRULES AS MOOT Badger Construction's Rule 12(B) Motion to Dismiss Xenia's Third-Party Complaint (Doc. #18).

Counts I-IV, VI and VIII of the Amended Third-Party Complaint are DISMISSED WITHOUT PREJUDICE as unripe, as is that portion of Count V which does not concern the duty to defend. *See* Fed. R. Civ. P. 12(b)(1). Although the duty-to-defend portion of Count V of the Amended Third-Party Complaint is ripe, it fails to state a claim upon which relief may be granted, and is therefore DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).[6]

Date: March 28, 2019

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that Ohio Casualty Insurance Company has filed a Motion for Summary Judgment with respect to the only remaining count, Count VII of the Amended Third-Party Complaint. Doc. #68. That motion is not yet fully briefed.

18