IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLUE ROCK INVESTMENTS,
LLC, *et al.*,

    Plaintiffs,

v.

CITY OF XENIA, OHIO, *et al.*,

    Defendants.

Case No. 3:17-cv-409

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING THIRD-PARTY DEFENDANT OHIO CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (DOC. #68) AND DISMISSING ALL CLAIMS AGAINST IT; SUSTAINING BADGER CONSTRUCTION'S RULE 12(b)(6) MOTION TO DISMISS XENIA'S CROSS-CLAIMS (DOC. #81); SUSTAINING MOTION OF THIRD-PARTY DEFENDANT, PHILLIPS SAND AND GRAVEL COMPANY TO DISMISS THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF, BADGER CONSTRUCTION COMPANY, INC. (DOC. #103)

---

This matter is currently before the Court on three pending motions: (1) Third-Party Defendant Ohio Casualty Insurance Company's Motion for Summary Judgment, Doc. #68; (2) Badger Construction's Rule 12(b)(6) Motion to Dismiss Xenia's Cross-Claims, Doc. #81; and (3) Motion of Third-Party Defendant, Phillips Sand and Gravel Company to Dismiss Third-Party Complaint of Defendant/Third-Party Plaintiff, Badger Construction Company, Inc., Doc. #103.

## I. Background and Procedural History

Plaintiffs, Blue Rock Investments, LLC, and Boymel Family, LLC, sued the City of Xenia after a building owned by Plaintiffs was damaged during the City's demolition of an adjacent building. Plaintiffs sought relief under 42 U.S.C. § 1983 for three alleged constitutional violations. They also asserted claims of breach of contract and negligence. Doc. #1.

The City of Xenia then filed a Third-Party Complaint against its demolition contractor, Badger Construction Co., Inc., and Ohio Casualty Insurance Company ("Ohio Casualty"), which had issued a Performance and Payment Bond on the Badger contract. Doc. #11. The City later filed an Amended Third-Party Complaint, which included claims against Badger for breach of contract (Count I), breach of express and implied warranties (Counts II and III), failure to perform in a workmanlike manner (Count IV), express and implied indemnification (Counts V and VI), and contribution (Count VIII). The City also asserted a claim for express indemnification against Ohio Casualty (Count VII). Doc. #26.

Ohio Casualty filed a Motion for Summary Judgment, arguing that because the contract was fully performed by Badger, Ohio Casualty was no longer contractually liable under the terms of the Bond. It also argued that the City was statutorily prohibited from seeking indemnification on counts predicated on the City's own alleged negligence. Doc. #68.

On March 20, 2019, the Court issued a Decision and Entry dismissing Counts III (4th Amendment § 1983 claim) and V (negligence) of the Complaint.

Doc. #73. Thereafter, Plaintiffs filed a First Amended Complaint, reasserting all original claims and adding a claim of negligence against Badger. Doc. #76.

On March 28, 2019, the Court issued a Decision and Entry dismissing Counts I-IV, VI, VIII, and a portion of Count V of the Amended Third-Party Complaint as unripe. It dismissed the remainder of Count V on the merits. Doc. #77.

The City filed cross-claims against Badger for breach of contract, breach of express and implied warranties, express and implied indemnification, and contribution. Doc. #79. Badger has filed a Motion to Dismiss Xenia's Cross-Claims. Doc. #81.

Badger also filed a Third-Party Complaint against Levin Porter Associates, Inc., Phillips Sand and Gravel Company, Charles F. Jergens Construction, Inc., and Complete General Construction Company. Doc. #82. Phillips Sand and Gravel Company has filed a Motion to Dismiss Badger's Third-Party Complaint. Doc. #103.

II. **Third-Party Defendant Ohio Casualty Insurance Company's Motion for Summary Judgment (Doc. #68)**

Ohio Casualty has moved for summary judgment, Doc. #68, on Count VII of the City's Amended Third-Party Complaint, Doc. #26, the City of Xenia's claim for express indemnification. The City alleges that Ohio Casualty is obligated to indemnify Xenia against any failure by Badger to perform its work in accordance

3

with the Badger contract and is obligated to defend Xenia against Plaintiffs' claims. Doc. #26. Ohio Casualty maintains that, because no claims remain that fall within the scope of the contractual indemnification provision, summary judgment is warranted.

### A. Fed. R. Civ. P. 56

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond

4

the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 2726 (1998).

### B.    Analysis

As previously noted, Ohio Casualty issued a Performance and Payment Bond on Badger's demolition project. The Bond contains indemnification provisions, whereby Ohio Casualty agrees to "indemnify and save harmless the City of Xenia, Ohio, from all suits and actions . . . brought against the said City of Xenia . . . on

5

account of any injury or damage to person or property arising from or growing out of the work in said contract . . . " Doc. #11-2, PageID#153.

In its Motion for Summary Judgment, Ohio Casualty argues that, because Badger fully performed the contract to the City's full satisfaction, as evidenced by the approval of the final inspection and the final payment, Ohio Casualty has no further contractual obligations under the Performance and Payment Bond. *See O'Brien v. Ravenswood Apts., Ltd.*, 169 Ohio App.3d 233, 2006-Ohio-5264, 862 N.E.2d 549, ¶ 20 (holding that a surety's secondary obligation exists only so long as the principal owes performance of the underlying obligation; when the obligation of the principal is extinguished, the obligation of the surety is also extinguished unless the surety consents to continued liability).

Plaintiffs asserted five claims against the City. Three alleged constitutional violations falling outside the scope of the indemnification provision. One alleged breach of contract/quiet enjoyment, also outside the scope of the indemnification provision. The fifth claim, alleging negligence resulting in property damage arguably falls within the scope of the indemnification provision. The Court, however, dismissed the negligence claim on grounds of statutory immunity. Doc. #73. Accordingly, no claims remain for which the City can seek express indemnification from Ohio Casualty.

In response to the Motion for Summary Judgment, Xenia argues that Ohio Casualty's motion is premature because, after it was filed, Plaintiffs filed an Amended Complaint, adding a negligence claim directly against Badger, alleging

that Badger failed to complete the demolition in a workmanlike manner. Doc. #76. In addition, Badger has now filed a Third-Party Complaint against several of its subcontractors. Doc. #82.

Badger was contractually bound to perform all work in a workmanlike manner. Doc. #79-2, PageID#1179. According to Xenia, additional discovery is needed to determine whether the subcontractors were also contractually bound to perform in a workmanlike manner. Xenia argues that, if the subcontractors were not so bound, and if they failed to complete their work in a workmanlike manner, then Badger could be in breach of its agreement, and Ohio Casualty may be obligated to indemnify the City for that breach. Xenia therefore asks the Court to either deny Ohio Casualty's Motion for Summary Judgment or, pursuant to Fed. R. Civ. P. 56(d), postpone ruling on it until all discovery is completed.[1] Xenia also argues that, because Plaintiffs now allege that Badger failed to complete the demolition in a workmanlike manner, genuine issues of material fact preclude summary judgment.

The Court agrees with Ohio Casualty that there is no basis to delay ruling on the summary judgment motion pending the close of discovery. The City has failed to show that, without additional discovery, it "cannot present facts essential to

---

[1] As discussed during the August 5, 2019, conference call, the discovery cutoff is May 29, 2020.

justify its opposition" to Ohio Casualty's Motion for Summary Judgment. Fed. R. Civ. P. 56(d).

All remaining claims in this case fall outside the scope of the indemnification provision contained in the Performance and Payment Bond. Ohio Casualty correctly points out that Plaintiffs' newly-added negligence claim, asserted directly against Badger, has no bearing on Ohio Casualty's duty to indemnify or defend the *City*. If Badger is found liable on that negligence claim, it would be Badger, not the City, which bears the financial consequences. Likewise, regardless of whether Badger's subcontractors were contractually obligated to perform in a workmanlike manner, Badger's Third-Party claims against them would not trigger Ohio Casualty's duty to indemnify or defend given that the *City* could not be held liable on these claims.

Finding no remaining genuine issues of material fact, the Court SUSTAINS Third-Party Defendant Ohio Casualty Insurance Company's Motion for Summary Judgment, Doc. #68, and DISMISSES all claims against it.[2]

---

[2] In its Motion for Summary Judgment, Ohio Casualty also argues that, to the extent that the City seeks indemnification for its own alleged negligence, the claim is against public policy and is unenforceable as a matter of law under Ohio Revised Code § 2305.31. As Xenia points out, because this argument is premised on the previously-dismissed negligence claim filed by Plaintiffs against Xenia, this is no longer a valid basis for summary judgment.

III. **Badger Construction's Rule 12(b)(6) Motion to Dismiss Xenia's Cross-Claims (Doc. #81)**

When Plaintiffs filed their Amended Complaint, Doc. #76, adding a negligence claim against Badger Construction, they also reasserted their negligence claim against the City, even though the Court had already dismissed that claim on statutory immunity grounds, Doc. #73. When the City filed its Answer to the Amended Complaint, it asserted cross-claims against Badger for breach of contract (Count I), breach of express and implied warranties (Counts II and III), express and implied indemnification (Counts IV and V), and contribution (Count VI). *See* Doc. #79, PageID#1166 n.3 ("Because Plaintiffs resurrect their previously dismissed negligence claims against Xenia, . . . the City asserts its cross-claims against Badger.").

Pursuant to Fed. R. Civ. P. 12(b)(6), Badger Construction has moved to dismiss these cross-claims. Doc. #81.[3] Badger notes that these cross-claims are essentially a re-filing of the claims asserted in the City's Amended Third-Party Complaint, which were all dismissed by the Court in its March 28, 2019, Decision and Entry, Doc. #77. Therein, the Court held that, except for the duty-to-defend

---

[3] Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

portion of Count V (the express indemnification claim), these claims were not yet ripe for adjudication and must be dismissed without prejudice. The Court further held that, although the duty-to-defend portion of Count V was ripe, Badger had no contractual duty to defend against the two remaining § 1983 claims or the remaining breach of contract/quiet enjoyment claim; accordingly, this portion of Count V was dismissed with prejudice. Badger maintains that the law-of-the-case doctrine precludes the Court from revisiting those previous rulings.

Xenia urges the Court to overrule Badger's Motion to Dismiss the Cross-Claims. With respect to Count I, the breach of contract claim, Xenia notes that this claim contains new allegations, not previously considered by the Court, that Badger breached the terms of the contract by failing to carry liability insurance listing Xenia as an additional insured. Xenia maintains that this claim is ripe for adjudication.

Badger impliedly concedes that the claim is ripe. It notes, however, that, even if the jury were to find that Badger breached the contract by failing to list Xenia as an additional insured, Badger would be liable only "to the extent that the policy would have covered the loss." *Brady v. K&R Indus.*, No. C-880641, 1989 Ohio App. LEXIS 4592, at *4 (1st Dist. Dec. 13, 1989). In Ohio, "enforcement of additional-insured provisions in the construction context has generally been limited to situations in which the promisor agrees to purchase insurance for the protection of the promisee from the promisor's own negligence." *Mitchell v. Michael Weing, Inc.*, No. 2:17-cv-905, 2019 WL 699351, at *3 (S.D. Ohio Feb. 20, 2019) (citing

*Buckeye Union Ins. Co. v. Zavarella Bros. Constr. Co.*, 121 Ohio App. 3d 147, 151, 699 N.E.2d 127, 130 (1997)). In other words, damages for this portion of the breach of contract claim would be limited to the amount that Plaintiffs could recover from Xenia as a result of Badger's sole negligence.

As Badger points out, given that Plaintiffs have now asserted a negligence claim directly against Badger, and that the jury will be asked to apportion liability between Xenia and Badger, under no set of circumstances could Xenia be held liable to Plaintiffs for damages caused by Badger's sole negligence.[4] For this reason, the Court SUSTAINS Badger's motion with respect to this new portion of Count I of Xenia's cross-claims. That portion of Count I is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The remainder of Count I (breach of contract), Counts II and III (**express and implied indemnification**), the express indemnification portion of Count IV, Count V (implied indemnification) and Count VI (Contribution), when previously asserted as *third-party claims*, were dismissed without prejudice on ripeness grounds. The duty-to-defend portion of Count IV was dismissed on the merits. Doc. #77.

Xenia asks the Court to revisit its previous ruling on the ripeness issue. Citing *CSX Transportation, Inc. v. Columbus Downtown Development Corp.*, 307

---

[4] The Court has held that the City is statutorily immune on the negligence claim. Nevertheless, under R.C. § 2307.23, the jury may still apportion some degree of fault to Xenia. This is necessary to ensure that Badger pays no more than its fair share of damages. *Jester on behalf of Estate of Jester v. Utilimap Corp.*, 2018-Ohio-4755, 116 N.E.3d 185, at ¶28.

11

F. Supp. 3d 719 (S.D. Ohio 2018), Xenia notes that contingent cross-claims are expressly allowed by Fed. R. Civ. P. 13(g) ("[t]he crossclaim may include a claim that the coparty is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.").

The Court acknowledges that Rule 13(g) allows a party to assert contingent cross-claims and that, in some cases, it may be in the interest of judicial economy to allow such claims to proceed but to postpone their adjudication pending resolution of the underlying claims. Here, however, Badger argues that, not only are the cross-claims not yet ripe for adjudication, but they also fail on the merits. As discussed above, because Plaintiffs have now asserted a negligence claim directly against Badger, and because the jury will apportion fault between Xenia and Badger, under no set of circumstances can Xenia be found liable for damages stemming from Badger's negligence. Accordingly, Badger argues that, as a practical matter, the cross-claims for express and implied indemnification, breach of express and implied warranties, and contribution must fail and are subject to dismissal.

In *Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019), the Sixth Circuit noted that, as a general rule, a claim cannot be adjudicated on its merits unless it is ripe. Nevertheless, because the ripeness doctrine is discretionary, courts will "sometimes apply an exception for indemnification claims that have no possibility of success, regardless of the merits of the underlying claims." *Id.* at

807-08. The Sixth Circuit, however, declined to rule on the propriety of this exception. *Id.* at 808.

The Court finds that this is one of those rare cases in which it makes sense to rule on the merits of Xenia's cross-claims even though they are not yet ripe. Given the current procedural posture of this case, the Court cannot envision any possible scenario under which Xenia could recover on any of its crossclaims against Badger.[5] The Court therefore SUSTAINS Badger's Motion to Dismiss Xenia's Cross-Claims, Doc. #81, as it relates to the remainder of Count I (breach of contract), Count II (breach of express warranty), Count III (breach of implied warranty), the express indemnification portion of Count IV,[6] Count V (implied indemnification), and Count VI (contribution), and DISMISSES these cross-claims WITH PREJUDICE.

### IV. Phillips Sand and Gravel Company's Motion to Dismiss Badger's Third-Party Complaint (Doc. #103)

Third-Party Defendant Phillips Sand and Gravel ("Phillips") was a subcontractor hired by Badger to grade the lot on which the K-Mart building sat. Badger filed a Third-Party Complaint against Phillips and other subcontractors, Doc.

---

[5] Should counsel think of any such scenario, they shall advise the Court within 7 calendar days of the date of this Decision and Entry.

[6] The Court has already dismissed the duty-to-defend portion of Count IV on the merits and will not revisit that decision. *See* Doc. #77.

13

#82, alleging that they were "necessary parties" required to be joined under Fed. R. Civ. P. 19. Citing Fed. R. Civ. P. 14, Badger also alleged that Phillips may be liable to Badger for all or part of the claims asserted against Badger by Plaintiffs and the City of Xenia. Badger maintains that it is "entitled to indemnification, contribution, and/or apportionment (including an instruction regarding contributorily/comparatively at fault, including under R.C. 2315.33) from/against the Third-Party Defendants for the claims asserted against it by Plaintiffs and/or Xenia." Doc. #82, PageID#1280. Badger also alleges that the damages at issue were caused, in whole or in part, by the Third-Party Defendants, and that their actions constitute a superseding or intervening cause. *Id.*

Pursuant to Fed. R. Civ. P. 12(b)(1), Phillips has moved to dismiss Badger's Third-Party Complaint. Doc. #81. Phillips argues that, because Badger has not yet incurred any damages, Badger's claims for indemnification, contribution and/or apportionment are speculative and premature. Phillips notes that the Court previously dismissed similar third-party claims brought by the City against Badger as unripe. *See* Doc. #77. Phillips maintains that, because the claims asserted are not yet ripe, this Court lacks subject matter jurisdiction over them.

In response, Badger notes that it named Phillips as a Third-Party Defendant not only because Phillips may be partially liable for the claims asserted against Badger by Plaintiffs and the City of Xenia, but also because Phillips is a "necessary party" and "has an interest in the subject matter of this lawsuit which will not be protected" otherwise. Doc. #105, PageID#1487 (citing Fed. R. Civ. P. 19). To

14

the extent that Badger seeks to apportion some degree of fault to Phillips and no other party will defend Phillips' interests in that regard, Badger argues that dismissal of the Third-Party Complaint is improper.

Phillips continues to argue in its reply brief that the claims for indemnification and contribution will not become ripe unless and until Badger is found liable. As to the apportionment issue, Phillips notes that, under Ohio law, Badger can assert an affirmative defense of apportionment of liability even among non-parties. This is known as an "empty chair" defense. *Al-Menhali v. Marriott Int'l, Inc.*, No. 1:17cv1089, 2019 WL 4247716, at *2 (N.D. Ohio Sept. 6, 2019). Accordingly, Phillips need not be a party to the suit to be apportioned a share of liability. Of course, Phillips, having moved to dismiss the Third-Party Complaint, cannot later complain that its interests were not adequately protected.

The Court agrees with Phillips that the claims asserted by Badger will not become ripe unless and until Badger is found liable. Pursuant to Fed. R. Civ. P. 12(b)(1), the Court therefore SUSTAINS Motion of Third-Party Defendant, Phillips Sand and Gravel Company to Dismiss Third-Party Complaint of Defendant/Third-Party Plaintiff, Badger Construction Company, Inc., Doc. #103. The Third-Party Complaint against Phillips is DISMISSED WITHOUT PREJUDICE.

## V. Conclusion

For the reasons set forth above, the Court:

- SUSTAINS Third-Party Defendant Ohio Casualty Insurance Company's Motion for Summary Judgment, Doc. #68, and DISMISSES all claims against it;
- SUSTAINS Badger Construction's Rule 12(b)(6) Motion to Dismiss Xenia's Cross-Claims, Doc. #81, and DISMISSES said cross-claims WITH PREJUDICE; and
- SUSTAINS Motion of Third-Party Defendant, Phillips Sand and Gravel Company to Dismiss Third-Party Complaint of Defendant/Third-Party Plaintiff, Badger Construction Company, Inc., Doc. #103, and DISMISSES the claims WITHOUT PREJUDICE.

Date: December 12, 2019

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE