IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BLUE ROCK INVESTMENTS, et al.,

  Plaintiffs,

v.

CITY OF XENIA, OHIO, et al.,

  Defendants.

:
:
:
:
:
:

Case No. 3:17-cv-409

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT CITY OF XENIA, OHIO'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #114); OVERRULING BADGER CONSTRUCTION'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING THE NEGLIGENCE CLAIM PLAINTIFFS ASSERTED AGAINST IT IN PLAINTIFFS' AMENDED COMPLAINT (DOC. #115)

---

This matter is currently before the Court on two pending motions: (1) Defendant, City of Xenia, Ohio's Motion for Partial Judgment on the Pleadings, Doc. #114; and (2) Badger Construction's Motion for Judgment on the Pleadings Regarding the Negligence Claim Plaintiffs Asserted Against It in Plaintiffs' Amended Complaint, Doc. #115.

I. **Background and Procedural History**

Plaintiffs, Blue Rock Investments, LLC, and Boymel Family, LLC, sued the City of Xenia after a building owned by Plaintiffs was damaged during the City's

demolition of an adjacent K-Mart building. Plaintiffs sought relief under 42 U.S.C. § 1983 for alleged violations of their First Amendment rights (Count I), Substantive Due Process rights (Count II), and Fourth Amendment Rights (Count III). They also asserted claims of breach of contract (Count IV) and negligence (Count V). Doc. #1. The City of Xenia then filed a Third-Party Complaint against its demolition contractor, Badger Construction Co., Inc. ("Badger"), and Ohio Casualty Insurance Company ("Ohio Casualty"). Doc. #11.

On March 20, 2019, the Court issued a Decision and Entry dismissing Counts III (§ 1983 4th Amendment claim) and V (negligence) of the Complaint. Doc. #73. Thereafter, Plaintiffs filed a First Amended Complaint, reasserting all original claims and adding a claim of negligence against Badger (Count VI). Doc. #76. The City has filed a Motion for Partial Judgment on the Pleadings, asking the Court to dismiss Counts II, III and V of the Amended Complaint. Doc. #114. Badger Construction has filed a Motion for Judgment on the Pleadings with respect to Count VI of the Amended Complaint. Doc. #115.

## II. Fed. R. Civ. P. 12(c)

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Warrior Sports, Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of

2

the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into

account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

III. **City of Xenia's Motion for Judgment on the Pleadings (Doc. #114)**

The City of Xenia has moved to dismiss Counts II, III and V of the Amended Complaint. Doc. #114. For the reasons set forth below, the Court overrules that motion with respect to Count II, but sustains it with respect to Counts III and V.

A. **Count II (Substantive Due Process)**

Count II of the First Amended Complaint seeks relief under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' property and liberty interests without due process of law, in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs allege that the City's conduct, in refusing to repair the damage to Plaintiffs' building, attempting to buy that building at a distressed price, and then citing Plaintiffs for code violations, was coercive and a misuse of the City's enforcement powers.

The Court previously held that these allegations were sufficient to state a plausible substantive due process claim. Doc. #73, PageID#1044 n.2. In its Motion for Partial Judgment on the Pleadings, Doc. #114, the City now argues that Count II must be dismissed because: (1) Plaintiffs have not sufficiently pled that they were denied a constitutionally-protected property interest; and (2) Count II is barred by *res judicata*.

4

### 1. Sufficiency of Pleading

The Court rejects the City's argument that Plaintiffs have failed to adequately plead a constitutionally-protected property interest. The Amended Complaint alleges that "Blue Rock's property and liberty interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution." Doc. #76, PageID#1093. Plaintiffs further allege that they lease the land from the City and own the property's improvements, including a large commercial building. Doc. #76, PageID#1076. Ownership interests and leasehold interests clearly involve protected property interests.

The City further argues that, even if Plaintiffs have a protected property interest, they have not been denied the use and enjoyment of their property. They still own the building and retain possession of it. As Plaintiffs note, however, on a motion for judgment on the pleadings, the Court must accept Plaintiffs' factual allegations as true. Plaintiffs have alleged that the building was physically damaged during the course of the demolition of the adjacent building, undermining its foundation and leaving holes in the exterior walls. *Id.* at PageID##1077-78. They further allege that they have been "unable to use or lease the Property in any way." *Id.* at PageID#1095. These facts, accepted as true, sufficiently allege that the City's actions interfered with Plaintiffs' use and enjoyment of their property, thereby denying them a protected property interest.

Finally, the City argues that Plaintiffs have not sufficiently pled that the City's actions were arbitrary and capricious in the sense that they lacked a rational

5

basis. The Court disagrees. Plaintiffs allege that the City refused to repair the damage to the building, attempted to acquire the building at a distressed price, and engaged in coercive tactics by directing the Code Enforcement Officer to issue citations against Plaintiffs for the damage caused by the City's own contractor. Plaintiffs further allege that the City "abused its powers to coerce Blue Rock into relinquishing its private property to the City on the City's unilateral terms." *Id.* at PageID##1078-79. These factual allegations are sufficient to support Plaintiffs' claim that the City's actions were "arbitrary, capricious, willful, and without regard to the facts and circumstances of this case." *Id.* at PageID#1093.

Construing the Amended Complaint in the light most favorable to Plaintiffs, accepting all factual allegations as true, and drawing all reasonable inferences in Plaintiffs' favor, the Court finds that Plaintiffs have stated a plausible substantive due process claim.

### 2. *Res Judicata*

In a separate, but related argument, the City argues that Plaintiffs' substantive due process claim is barred by the doctrine of *res judicata*. The City bears the burden of proof on this defense. *Stotts v. Pierson*, 976 F. Supp. 2d 948, 959 (S.D. Ohio 2013). In support of its claim, the City points to the judgment issued by the Greene County Court of Common Pleas on judicial review of the Board of Zoning Appeals' decision upholding the issuance of the building code violations.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, this Court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80-81 (1984). Under Ohio law, the doctrine of *res judicata* encompasses both claim preclusion and issue preclusion. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6, 113 Ohio St. 3d 59, 862 N.E.2d 803. "Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *Id.* at ¶ 7.

### a. Claim Preclusion

Ohio's doctrine of claim preclusion has four elements: "(1) a prior, final valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

There is little question that the City has satisfied the first, second and fourth elements. The Greene County Court of Common Pleas entered a final, valid

7

decision on the merits on July 10, 2018, Doc. #117-3. Therein, the court affirmed the Board of Zoning Appeals' finding that the City Code Enforcement Officer had correctly interpreted the Property Maintenance Code and properly issued a Notice of Violation to Plaintiffs.[1] This federal lawsuit involves the same parties as the state court action—Blue Rock Investments, LLC, and the City of Xenia, and it arises out of the same occurrence that was the subject matter of the state court action.

At issue is whether the federal lawsuit raises claims that "were or could have been litigated" in the state court action. Plaintiffs' substantive due process claim was not actually litigated in the state court action. Although Plaintiffs argued that issuance of the Notice of Violation constituted an unreasonable and unlawful "abuse of process," this argument was framed as a state law tort claim, not as a constitutional substantive due process claim. *See* Doc. #114-1, PageID##1565-67.[2]

The question them becomes whether the substantive due process claim *could have been* litigated in the state court action. The Board of Zoning Appeals

---

[1] Plaintiffs argue that, because the state court did not decide the substantive due process claim on the merits, there was no final, valid decision on the merits. For purposes of *claim* preclusion, however, that is not the relevant question. The City need show only that there was some prior final, valid decision on the merits by a court of competent jurisdiction.

[2] The Greene County Court of Common Pleas found that it lacked jurisdiction to consider this state law tort claim. Doc. #117-3, PageID##1654-55; Doc. #117-2, PageID#1649.

8

("BZA") had no authority to adjudicate a constitutional claim. *Mobil Oil Corp. v. City of Rocky River* (1974), 38 Ohio St. 2d 23, 26, 309 N.E.2d 900, 902 ("the issue of constitutionality can never be administratively determined."). After the BZA issued its administrative decision, Blue Rock sought judicial review in the Greene County Court of Common Pleas pursuant to Ohio Revised Code § 2506.01.

By statute, the common pleas court did have authority to consider whether the BZA's decision violated Blue Rock's constitutional rights. Ohio law provides:

> If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is *unconstitutional*, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.

Ohio Rev. Code § 2506.04 (emphasis added). In this respect, Plaintiffs' substantive due process claim could have been litigated in the context of the state court action. Given that this satisfies the final element of the defense of claim preclusion, Plaintiffs would typically be barred from proceeding with their substantive due process claim in federal court.

Nevertheless, Ohio has adopted 1 Restatement (Second) of Judgments § 26(1)(c), which sets forth an exception to the general rule. *Ohio Kentucky Oil Corp. v. Nolfi*, 2013-Ohio-5519, 5 N.E.3d 683, ¶¶21-24. Section 26(c)(1) provides that claim preclusion does not apply when:

> The plaintiff was unable to rely on a certain theory of the *case or to seek a certain remedy or form of relief* in the first action because of the limitations on the subject matter jurisdiction of the courts or *restrictions on their authority to entertain multiple* theories or demands

9

for multiple remedies or *forms of relief in a single action*, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

1 *Restatement (Second) of Judgments* § 26(c)(1) (1982) (emphasis added). As comment (c) to Section 26(c)(1) notes, when formal barriers stand in the way of presenting all available theories or demands for recovery in the first action, it is unfair to preclude the litigant from presenting those theories or demands for recovery in a second action.

Such "formal barriers" existed in this case. Ohio Revised Code § 2506.04 sets forth limited options available to common pleas courts that are reviewing administrative decisions:

> Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.

Ohio Rev. Code § 2506.04. The Ohio Supreme Court has noted that these options "are more limited than relief that could be awarded pursuant to a trial, and therefore, the administrative appeal is more akin to an appeal than a trial." *AT&T Commc'ns of Ohio, Inc. v. Lynch*, 132 Ohio St. 3d 92, 2012-Ohio-1975, at ¶ 14.

Although Blue Rock could have argued, in the context of its administrative appeal, that the City's conduct in issuing the code violations violated Blue Rock's constitutional rights, and although the Greene County Court of Common Pleas had the authority to adjudicate that particular issue, the court's remedies would have been limited to reversing, vacating or modifying the BZA's decision, or remanding

10

the case to the BZA with instructions. The court had no statutory authority to award damages for the constitutional violations or to award attorney's fees. *Palco Investments, Inc. v. City of Springfield*, No. 2004CA80, 2005-Ohio-6838, 2005 WL 3502142, ¶24 (2d Dist. Dec. 23, 2005).

Accordingly, to the extent that Plaintiffs now seek damages under 42 U.S.C. § 1983 for the alleged violations of their substantive due process rights, and attorney's fees and costs under 42 U.S.C. § 1988, Count II is not barred by the doctrine of claim preclusion. *See, e.g., Walters v. City of Brecksville*, No. 53660, 1988 WL 38111, at **4-5 (8th Dist. April 21, 1988) (holding that, because administrative appeal could not have provided plaintiff with the monetary relief he now sought under § 1983, his damages claim was not barred by *res judicata*); *Lupo v. Voinovich*, 858 F. Supp. 699, 707 (S.D. Ohio 1994) (holding that, under Ohio law, *res judicata* did not bar claims for damages that the administrative agency was not authorized to award).

The City relies on the unpublished case of *Perry v. Croucher*, 165 F.3d 28 (6th Cir. 1998) (Table), in support of its argument that Plaintiffs' claims are barred by the doctrine of claim preclusion. Mr. Perry was terminated from his job as a police officer. He alleged that he was terminated because he had exercised his First Amendment rights, accusing the police chief and mayor of criminal conduct. The mayor cited other reasons for Perry's discharge. The village council conducted a hearing and concluded that there was just cause for Perry's termination. At that

hearing, Perry was not permitted to testify about his First Amendment claim, which was outside the scope of the council's authority.

Pursuant to Ohio Revised Code § 2506.01, Perry appealed the council's decision to the court of common pleas, raising five assignments of error, including constitutional violations. He requested the opportunity to present additional evidence to the common pleas court concerning the constitutional violations, but the court denied his request. While that state court appeal was still pending, Perry filed a § 1983 action in federal court, alleging a violation of his First Amendment rights. The district court dismissed the case on *res judicata* grounds.

The Sixth Circuit affirmed that decision with respect to the claims brought against the village. It noted that, although the village council lacked authority to consider constitutional questions, the common pleas court could have heard Perry's First Amendment claim under Ohio Revised Code § 2506.04, and, if asked, would have been "required to hold a trial de novo on the constitutional issues." *Perry*, 165 F.3d 28, at *5. "[H]ad Perry asked for such a trial de novo and had the court of common pleas rejected his motion, his recourse would have been to appeal through the Ohio appellate system, not to file a new case in federal court." *Id.* Perry, however, did not request such a trial. By seeking judicial review of the village council's decision in state court and bringing an independent § 1983 action in federal court, Perry split his claim and subjected himself to the *res judicata* defense. *Id.* at *6.

The Court is not bound by the unpublished decision in *Perry*, but, in any event, the City's reliance on *Perry* is misplaced. Although it is not clear whether Perry was seeking damages and attorney's fees in connection with his § 1983 claim, the Sixth Circuit did not address the question of whether the state court had authority to grant Perry such relief. As discussed above, if the state court had no authority to grant all forms of relief sought, Perry's § 1983 claim would not be barred by the doctrine of claim preclusion. Moreover, *Perry* is factually distinguishable in that Perry actually raised his First Amendment claim in the context of the state court appeal, but the state court refused to allow additional evidence to support that claim. In contrast, Blue Rock raised no constitutional issues in the context of its administrative appeal. It raised only a state law "abuse of process" claim. Accordingly, unlike Mr. Perry, Blue Rock did not split its constitutional claims between state court and federal court.

For the reasons set forth above, the Court concludes that the City has failed to show that Plaintiffs' § 1983 substantive due process claim is barred by the doctrine of claim preclusion.[3]

### b. Issue Preclusion

A brief discussion of issue preclusion (otherwise known as collateral estoppel) — the other branch of *res judicata* — is in order, given that the City's

---

[3] Having determined that Plaintiffs' substantive due process claim is not barred by the doctrine of claim preclusion, the Court need not address Plaintiffs' thornier judicial estoppel argument.

arguments touch on this topic, although not by name. As previously noted, issue preclusion "serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies." *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 7, 113 Ohio St. 3d 59, 862 N.E.2d 803. "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing* (1994), 70 Ohio St. 3d 176, 183, 637 N.E.2d 917, 923.

In this case, the narrow question of whether the City properly interpreted the Property Maintenance Code and correctly applied those Code provisions when it issued the Notice of Violation to Blue Rock was actually and directly litigated in state court and was passed upon by a court of competent jurisdiction. The magistrate judge found that the BZA's determination "that the west wall remained unfinished and exposed, and therefore, in violation of the City of Xenia's Property Maintenance Code, is supported by a preponderance of substantial, reliable and probative evidence on the whole record. The Court further finds that the decision of the City of Xenia Board of Zoning Appeals is not unconstitutional, arbitrary, capricious or unreasonable." Doc. #117-2, PageID#650.[4] The common pleas

---

[4] Given that Plaintiffs raised no constitutional claims in the common pleas court, the magistrate judge's finding that the BZA's decision was not "unconstitutional"

14

court judge adopted the magistrate judge's decision, agreeing that the BZA's decision was "supported by a preponderance of substantial, reliable and probative evidence." Doc. #117-3, PageID#1656.

Given that this issue was actually litigated and passed upon by a court of competent jurisdiction, and given that the requisite privity exists, the doctrine of issue preclusion applies. Plaintiffs are therefore barred from relitigating the narrow question of whether the City's determination, that Blue Rock violated the Property Maintenance Code because the west wall of its building remained unfinished and exposed, was arbitrary and capricious.

Nevertheless, because other aspects of Plaintiffs' substantive due process claim were not actually litigated in state court, Plaintiffs may proceed on the broader question of whether the City's overall course of conduct in refusing to repair the damage to Plaintiffs' building, attempting to buy that building at a distressed price, and citing Plaintiffs for code violations only after they rejected the City's "low-ball offer," was coercive and a misuse of the City's enforcement powers.

Accordingly, the Court OVERRULES the City's Motion for Judgment on the Pleadings directed to Count II of the Amended Complaint.

---

appears to be entirely gratuitous, simply tracking the language of Ohio Revised Code § 2506.04.

### B. Count III (§ 1983 Fourth Amendment) and Count V (Negligence)

On February 8, 2019, Plaintiffs filed their Motion for Leave to File Amended Complaint, Doc. #58, with the proposed First Amended Complaint attached. On March 20, 2019, the Court sustained Plaintiffs' motion, Doc. #72. On the same date, it issued a Decision and Entry dismissing Counts III and V of the original Complaint, Doc. #73. Based on the timing of events, the First Amended Complaint, filed on March 27, 2019, still included Counts III and V. Doc. #76. Plaintiffs recognize that the Court will again dismiss Counts III and V of the Amended Complaint but seek to preserve their right to appeal the dismissal of those claims.

For the reasons discussed in this Court's March 20, 2019, Decision and Entry, Doc. #73, the Court finds that, as to Counts III and V of the Amended Complaint, Plaintiffs have failed to state a claim upon which relief may be granted. The City's Motion for Judgment on the Pleadings as to Counts III and V is SUSTAINED, and those claims are again dismissed with prejudice.

### IV. Badger Construction's Motion for Judgment on the Pleadings (Doc. #115)

The Court previously found that, pursuant to Ohio Revised Code Chapter 2744, the City was entitled to statutory immunity on Count V, Plaintiffs' negligence claim. Doc. #73. In Count VI of the Amended Complaint, Plaintiffs, for the first time, assert a negligence claim directly against Badger Construction, the City's demolition contractor.

In its Motion for Judgment on the Pleadings, Doc. #115, Badger argues that statutory immunity should be extended to Badger as an "employee" of the City under Ohio Revised Code § 2744.01(B).[5] Badger notes that the Amended Complaint expressly alleges that the demolition contract provided that the City "retained control over Badger's demolition activities." Doc. #76, PageID#1097. Citing *State ex rel. Nese v. State Teachers Retirement Board of Ohio*, 136 Ohio St. 3d 103, 2013-Ohio-1777, 991 N.E.2d 218, at ¶33, Badger notes that the right to control the manner or means of performing the work is the "chief test" for determining whether one is an employee or an independent contractor.

In *Nese*, the court also acknowledged, however, that "as a practical matter, every contract for work reserves to the employer a certain degree of control to enable him to ensure that the contract is performed according to specifications." *Id.* at ¶ 34. Accordingly, this is not definitive. The court must look to the individual facts of each case, considering factors such as "who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools and personnel used; who selects the routes travelled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts." *Id.* at ¶ 35 (quoting *Bostic v. Connor,* 37 Ohio St. 3d

---

[5] An "employee" is defined as "an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of the officer's, agent's, employee's, or servant's employment for a political subdivision. 'Employee' does not include an independent contractor." Ohio Revised Code § 2744.01(B).

17

144, 146, 524 N.E.2d 881 (1988)). *See also DeLong v. Thompson*, 2018-Ohio-770, ¶ 14, 108 N.E.3d 130 (noting that this is a fact-intensive inquiry and no one factor is dispositive).

Plaintiffs argue that when the other factual allegations contained in the Amended Complaint and the relevant provisions of the demolition contract are viewed in their entirety, the Court cannot find as a matter of law that Badger was an "employee" of the City and therefore entitled to statutory immunity.[6] The Court agrees.

As Plaintiffs point out, Badger was hired for a single project involving the demolition of the Kmart building. Docs. #76, PageID#1085; #79-2, PageID#1177. Badger was required to provide all "labor, materials, plants, equipment[], fees, permits, taxes, licenses, shipping, handling, transportation freight, and any and all incidentals necessary" to complete the demolition. Doc. #79-2, PageID#1179. Badger set the schedule for ordering what was needed, *id.* at PageID#1182, and had the authority to choose and hire subcontractors, *id.* at PageID#1185. The City did not pay Badger a salary, but rather paid $184,388.00 for completing the project. *Id.* at PageID#1179. Moreover, Badger agreed to be solely responsible for all physical injury to persons and damage to property arising out of the work to be performed. *Id.* at PageID#1183.

---

[6] The Construction Contract between the City of Xenia and Badger was attached to the City's cross-claim against Badger and referred to therein. Doc. #79-2. Accordingly, the Court may consider it as part of the pleadings. Fed. R. Civ. P. 10(c).

18

To the extent that these contract provisions are seemingly inconsistent with a finding that Badger was acting as an "employee" of the City, rather than as an "independent contractor," the Court finds that Plaintiffs have stated a plausible negligence claim against Badger. It therefore OVERRULES Badger's Motion for Judgment on the Pleadings, Doc. #115.

## V.  Conclusion

For the reasons set forth above, the Court SUSTAINS IN PART and OVERRULES IN PART Defendant, City of Xenia, Ohio's Motion for Partial Judgment on the Pleadings, Doc. #114. Counts III and V of the Amended Complaint are DISMISSED WITH PREJUDICE.

The Court OVERRULES Badger Construction's Motion for Judgment on the Pleadings Regarding the Negligence Claim Plaintiffs Asserted Against It in Plaintiffs' Amended Complaint, Doc. #115.

Date: March 23, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE